UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID WALSH, | No. 18 CR 450<br><br>Judge Gary S. Feinerman |

## ***AGREED*** **PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided discovery to defendant. Other materials, which do not fall under Rule 16 (such as certain *Jencks* materials), have yet to be disclosed by the government. Such materials contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the safety interest of third parties. This information includes materials involving or identifying any confidential source(s) that may have cooperated with the government during the course of the investigation. The government intends to produce such information subject to this protective order (the "Protective Order").

2. The materials subject to the Protective Order (the "Protective Order Materials") shall be plainly marked by the government prior to disclosure.

3. Defendant and defendant's counsel shall not disclose the Protective Order Materials or their contents directly or indirectly to any person or entity other

1

than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the Protective Order Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Protective Order Materials except in order to provide copies of the Protective Order Materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Protective Order Materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Protective Order Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Protective Order Materials.

6. Before providing Protective Order Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the Protective Order Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Protective Order Materials may be (1) destroyed;

(2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Protective Order Materials. In the event that the Protective Order Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Protective Order Materials are so maintained, and the Protective Order Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any of the Protective Order Materials are produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Protective Order Materials and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Protective Order Materials if in hard copy, and in the case of electronic Protective Order Materials, shall certify in writing that all copies of the specified Protective Order Materials have been deleted from any location in which the Protective Order Materials were stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
GARY S. FEINERMAN
United States District Judge
Northern District of Illinois

Date: 12/6/2019