```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


    UNITED STATES OF AMERICA,       )
                                    )
                    Plaintiff,      )
                                    )
    -vs-                            )   Case No. 18 C 450
                                    )
    DAVID WALSH,                    )   Chicago, Illinois
                                    )   December 20, 2019
                    Defendant.      )   2:00 p.m.


                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE GARY FEINERMAN


    APPEARANCES:

    For the Government:       HON. JOHN R. LAUSCH, JR.
                              UNITED STATES ATTORNEY
                              BY:  MR. BRIAN J. KERWIN
                                   MS. KATIE M. DURICK
                              219 South Dearborn Street, Suite 500,
                              Chicago, Illinois  60604
                              (312)353-5300


    For the Defendant:        LAW OFFICES OF PATRICK E. BOYLE
                              BY:  MR. PATRICK E. BOYLE
                              155 North Michigan Avenue
                              Suite 562
                              Chicago, Illinois  60601
                              (312) 565-2888



    Court Reporter:

                    CHARLES R. ZANDI, CSR, RPR, FCRR
                         Official Court Reporter
                       United States District Court
                219 South Dearborn Street, Room 2144-G
                         Chicago, Illinois  60604
                       Telephone:  (312) 435-5387
                  email:  Charles_zandi@ilnd.uscourts.gov
```

1    (Proceedings heard in open court:)
2            THE CLERK:  18 CR 450, USA versus Walsh.
3            MR. KERWIN:  Good afternoon, your Honor.  Brian
4    Kerwin and Katie Durick on behalf of the United States.
5            MR. BOYLE:  Good afternoon, Judge.  For the record,
6    Patrick Boyle on behalf of Mr. David Walsh, who stands before
7    you in custody.
8            THE COURT:  Okay.  Good afternoon.  We're here for
9    a *Faretta* hearing.  I -- there are a couple of preliminary
10   matters I'd like to address.
11           One of them is the defendant's *pro se* motion to
12   withdraw counsel, which is docket 64.  And I'm going to
13   construe this motion as a motion to allow Mr. Walsh to get a
14   new appointed attorney on the ground that his current attorney
15   is -- on the ground that Mr. Walsh's dissatisfaction with his
16   current attorney is justified.
17           And as I said, you get one free bite in my courtroom
18   if you're a criminal defendant with an appointed lawyer; but
19   after that, I let you switch counsel only if there's a good
20   reason.  So, I have to see whether there's a good reason.  And
21   the reason that Mr. Walsh gives is that counsel, by not filing
22   any motions, to introduce facts that will more likely than not
23   procure a verdict of not guilty by any reasonable jury.
24           And this -- Mr. Walsh's motion misunderstands what a
25   motion to dismiss in a criminal case is all about.  It's not

1  to argue the facts and say that the facts don't support a
2  finding of guilt.  It's to essentially, and speaking very
3  generally, say that the indictment, that the count --
4  particular count in the indictment does not on its face
5  state a violation of the cited statute.
6          And I've reviewed the indictment one more time, and
7  the indictment does properly allege a violation of all four
8  counts.  And appointed counsel is -- has appropriately
9  declined to file motions that say, "Well, under the facts,
10 we're going to win this at trial, so you should dismiss the
11 case."  That's for trial.  That's not for a motion.  So, I'm
12 going to deny docket 64.
13         Mr. Walsh filed a *pro se* motion to dismiss Count 2,
14 which is the 924(c) count.  And the basis of the 924(c)
15 count -- or I'm sorry, the basis of the motion is that the
16 924(c) count should be dismissed because the predicate felony
17 that was allegedly being conducted at the same time as --
18 that the gun was being used in furtherance of relies on the
19 residual clause of the definition of violent felony.  And
20 that's actually not the case.
21         The predicate felony is bank robbery, and bank
22 robbery fits within the elements provision of the definition
23 of violent felony under 924.  And that's at 924(e)(2)(B)(i).
24 And a violent felony falls within the scope of the elements
25 clause if it has an element -- has as an element the use,

1  attempted use, or threatened use of physical force against
2  the person of another.
3      And as to whether that actually happened or not, I
4  don't know.  It's presumed not to, but that's what the trial
5  is for.  But Count 1, which is the predicate of Count 2, which
6  is the 924(c) count, alleges a bank robbery by intimidation;
7  and it says in committing the offense, the defendant assaulted
8  and put in jeopardy the life of a person by the use of a
9  dangerous weapon, namely a firearm.
10     And that is certainly the use, attempted use, or
11 threatened use of physical force against the person of
12 another.  So, on its face, Count 2 states an allegation that
13 fits within the scope of 924(c); and, therefore, the motion
14 to dismiss that count is denied.
15     And again, in saying this, I'm not saying that
16 Mr. Walsh actually did --
17     THE DEFENDANT:  I never had a chance to say anything
18 at all.
19     THE COURT:  Hold on one second, Mr. Walsh.
20     THE DEFENDANT:  While you were carrying on with
21 this -- yeah, I'm listening to you.
22     THE COURT:  I'm not saying that Mr. Walsh did what
23 he's accused of doing in Counts 1 and 2.  He's presumed not
24 to have done so.  But in terms of the motion to dismiss, his
25 argument is not the office of a motion to dismiss.  It's the

Case: 1:18-cr-00450 Document #: 164 Filed: 08/10/21 Page 5 of 16 PageID #:1498

5

1  office of trial.  So, I'm going to deny the motion to dismiss
2  Count 2, which is docket 67.
3              THE DEFENDANT:  Well, I -- you know that *Davis*
4  just -- the ruling in the United States Supreme Court that
5  knocks the 924(c) statute completely out, right?
6              THE COURT:  No.
7              THE DEFENDANT:  The residual clause that supports
8  the 924(c) is gone.
9              THE COURT:  You're right.  But that doesn't help you
10 because you're charged not under the residual clause, but
11 under the elements clause of a definition of --
12             THE DEFENDANT:  The elements clause is -- listen.
13 The residual clause supports that.
14             THE COURT:  Okay.  That's not how I read the statute.
15 I read the statute as having an elements clause and a residual
16 clause.  Just because you get rid of the residual clause
17 doesn't mean you also --
18             THE DEFENDANT:  The residual clause has to support
19 the elements.
20             THE COURT:  Okay.  That's not my reading, but you can
21 bring this on appeal if you would like.
22             THE DEFENDANT:  I'm going to do so.
23             THE COURT:  Okay.  So -- and then finally --
24             THE DEFENDANT:  That's denied.  Okay.  I understand
25 that, and that will be appealed.

1    THE COURT: Okay.
2    THE DEFENDANT: That's a fact. So with that --
3    THE COURT: So, now we have --
4    THE DEFENDANT: -- with that, I've got another motion
5  to file --
6    MR. BOYLE: Do you want me to --
7    THE DEFENDANT: I'll tell you what. I'm going to
8  let my lawyer go ahead and file this other motion to dismiss
9  Count 3. You harped on the second article in this statute.
10 I've got two, three, I think, there's even four or five --
11 if I'm not mistaken, four or five cases that cover that --
12   THE COURT: Okay. And so --
13   THE DEFENDANT: -- completely.
14   THE COURT: So, do you want to keep Mr. Boyle as
15 your lawyer, or do you want to represent yourself?
16   THE DEFENDANT: I'm going to keep Mr. Boyle as my
17 lawyer, but we're going to file this motion now.
18   THE COURT: Okay. Well, that --
19   THE DEFENDANT: I might have maybe something to say
20 occasionally, and I'll raise my hand or say something like
21 that. I know he can speak for me, and maybe we'll have a
22 better understanding.
23   MR. BOYLE: Your Honor, I thought -- I had met with
24 Mr. Walsh prior to court today. I thought we had a good,
25 fruitful conversation. There was a great deal of

1  foreshadowing as to what has already occurred today --
2      THE DEFENDANT: That Count 2 will be definitely
3  appealed. And I don't care what happens.
4      MR. BOYLE: -- in the ruling.
5      But I think what Mr. Walsh has expressed to me is --
6  and I tried to explain while I'm certainly sympathetic to his
7  positions, you know, I have ethical obligations as far as what
8  kind of motions I can file; but I'm happy to consult with him
9  and talk to him, and perhaps even, if it's a close call, file
10 them, so that he is satisfied in knowing that we're doing
11 everything we can on his behalf.
12     But certainly, he knows that if he's going to be
13 going to trial, he needs an attorney to represent him at
14 trial, and I think he wants me to do that for him.
15     THE COURT: That's fine. And in terms of filing
16 motions, I know you know this, but just -- you -- as a
17 criminal defense attorney, you have more leeway and running
18 room than any other lawyer that appears in the courtroom,
19 so -- but then again, there are limits to that leeway.
20     MR. BOYLE: Of course.
21     THE COURT: And they're limits that you'll enforce
22 on yourself, that I will not criticize you --
23     THE DEFENDANT: Can I get a written statement of
24 what you just said about that denial?
25     THE COURT: The written statement will be the

1 transcript of today's hearing.

2 THE DEFENDANT: Can I get that? Are you going to
3 send that to me?

4 THE COURT: Mr. Boyle, if you would like to order
5 it --

6 MR. BOYLE: It will be on the docket. I'll print it
7 and either deliver it to you or mail it to you as soon as it's
8 printed.

9 THE DEFENDANT: Good.

10 MR. BOYLE: On that note, we've gotten a great deal
11 of discovery, as was anticipated, from the government,
12 including the grand jury transcripts that Mr. Walsh wanted.
13 We had those printed, and I'm going to be giving him copies of
14 that today, obviously, subject to the protective order, so
15 they're essentially for your eyes only.

16 THE DEFENDANT: Do you want to read this? Read this
17 first. We're going to file this, and we can go on.

18 THE COURT: Well, we don't know if we're going to
19 file it because that's going to be up to Mr. Boyle because
20 he's your attorney. So, why don't we wait --

21 THE DEFENDANT: Read it quick.

22 THE COURT: There's no need to read it before
23 Mr. Boyle has a chance to approve it and file it, in his
24 discretion.

25 So, I -- we're getting close to trial. I think our

1 trial is set for February 24th, which is two months from now.
2 And I've -- I don't run the tightest of ships when it comes
3 to defendants talking in court.
4     THE DEFENDANT: That will definitely be appealed.
5     THE COURT: Mr. Walsh, I don't run the tightest of
6 ships when it comes to defendants talking in court. What
7 that means is that if you want to talk, I'll let you talk,
8 even though you're really not supposed to, and even though in
9 other courtrooms in this building, you wouldn't be talking,
10 and if you kept talking, you'd be in the -- you'd be sent
11 back up to 24.
12     THE DEFENDANT: Okay.
13     THE COURT: I do run a tight ship, though, at trial.
14 So, when we're in front of a jury, there's going to be none
15 of this back-talk, and there's going to be no talking at all
16 from you. You can confer with Mr. Boyle; but when the jury's
17 in the courtroom, you won't be addressing me, and you won't
18 be addressing them, and you won't be addressing anybody else.
19     You can confer with Mr. Boyle at counsel table.
20 That's fine. And if you testify -- and you do not have to,
21 and that will be your choice and your choice alone. If you
22 testify, then of course, you'll answer the questions in front
23 of the jury and in front of the judge. But other than that,
24 there will be no addressing anybody in the courtroom.
25     Do you understand that?

1       THE DEFENDANT:  Yeah, I understand.
2       THE COURT:  Okay.
3       MR. BOYLE:  It's in your own interests.
4       Judge, and I might anticipate a couple of issues.
Mr. Walsh -- and as you told him, he certainly can appeal any denial of his pretrial motions; but I think he's envisioning an interlocutory appeal, which I do not believe he's entitled to, and that's probably something we're going to have discussions over.

       I don't know if the government has a position on that.

       THE DEFENDANT:  Let me get this.  I want to go *pro se*, period.  You got a little questionnaire thing you've got to do.  This is going under appeal.  I don't care.  The United States Supreme Court has said what they've said. You're overruling them by going around saying something that's not.

       THE COURT:  Okay.  You can appeal --
       THE DEFENDANT:  My interpretation of what I read is that the residual clause supports the other --
       THE COURT:  I understand.  Well, let's stop talking about the merits because that ship has sailed, at least as far as I'm concerned.
       THE DEFENDANT:  You set it because it's your decision.

1  THE COURT: Well, for now it is. But what Mr. Boyle
2  is saying --
3  THE DEFENDANT: I'm going to put it under appeal.
4  THE COURT: If you're convicted of Count 2, you could
5  appeal after the trial. If you're acquitted of Count 2, then
6  there's nothing to appeal, no harm, no foul.
7  THE DEFENDANT: We're going to --
8  THE COURT: But what Mr. Boyle is saying is that you
9  can't appeal now before the trial --
10  THE DEFENDANT: Well, I'm going to appeal -- I'm
11  going to put -- I'm going to file an injunction to the
12  Appellate Court and stop all proceedings and file my
13  injunction on this -- your denial. That's what I'm going
14  to do. That's going to happen.
15  THE COURT: That's fine.
16  THE DEFENDANT: Because I have to.
17  THE COURT: So -- and I don't know if Mr. Boyle will
18  do that on your behalf.
19  THE DEFENDANT: He doesn't need to. I will have it
20  drawn up, and I'll send it in myself.
21  MR. BOYLE: I'll certainly research the timing issue,
22  Judge.
23  The other issue -- and I know you have made yourself
24  very clear on the record. Again, I'm anticipating again this
25  idea that the fact that something can't be dismissed prior to

1 trial doesn't mean you're acknowledging you did it, and
2 because you're not filing a motion trying to get it dismissed
3 doesn't mean you're admitting to anything. These are just
4 factual issues that that's what a trial is for, and that's
5 what we'd be fighting at trial. The essential issue --
6     THE DEFENDANT: I'm attacking the indictment. I'm
7 attacking what it is in the statute. Either time that I've
8 filed something, I've attacked something in the statute, not
9 innocence or guilt, period.
10     THE COURT: Okay. Let me -- that's fine. And if
11 you want to represent yourself, we'll have a *Faretta* hearing,
12 and I'll make a decision as to whether you're able to
13 represent yourself.
14     But let's say we have the *Faretta* hearing and I allow
15 you to represent yourself and you file the appeal. I'm not --
16 I'm not going to postpone the trial, because I think your
17 appeal has a zero percent chance of winning. I'm not going to
18 postpone the trial.
19     The Seventh Circuit -- again, I'm not infallible,
20 but if I'm a betting man -- and I'm not, but if I were a
21 betting man, I'd bet on an affirmance. I'd bet that your
22 appeal loses.
23     So then we still have our February 24th trial; and
24 you're representing yourself, and you don't have a lawyer
25 because you wanted to take an appeal that I believe has a

1 zero percent chance of winning.
2 　　　　So, I want you to think about that --
3 　　　　THE DEFENDANT: I'm just trying to get a couple --
4 　　　　MR. BOYLE: Sir, can we just have one moment?
5 　(Discussion had between the defendant and counsel.)
6 　　　　THE COURT: Do you want to go over to the side so
7 you can talk in private?
8 　　　　MR. BOYLE: Yeah. These are conversations we've
9 already had, but I appreciate that, Judge.
10 　　　　THE COURT: Great minds think alike.
11 　　　　MR. BOYLE: Sorry?
12 　　　　THE COURT: Great minds think alike. I think I said
13 what you said.
14 　(Discussion had between the defendant and counsel.)
15 　　　　MR. BOYLE: I'm sorry, Judge.
16 　　　　THE COURT: That's all right.
17 　　　　MR. KERWIN: If we could just have two minutes,
18 Judge.
19 　　　　THE COURT: Of course.
20 　(Discussion between counsel, not within hearing.)
21 　　　　THE DEFENDANT: Judge --
22 　　　　THE COURT: Actually, we can't talk because the
23 prosecutor's out of the room, so you and I can't have a
24 discussion; but once they come back in --
25 　　　　THE DEFENDANT: Okay. I -- he's read this, so it

1 will be filed.
2     MR. BOYLE: Thank you, Judge. I've spoken to
3 Mr. Walsh. I have reviewed this anticipated motion, motion
4 to dismiss Count 3, which you might recall is the attempt
5 count. I have read it. I think I can file this.
6     THE COURT: Okay.
7     MR. BOYLE: Maybe as soon as Monday or so. And we'll
8 go forward.
9     I think pretrial motions are due in about 17 days.
10 I'm happy to file whatever pretrial motions are appropriate
11 that Mr. Walsh wants to get filed.
12     So, I think that's where we're at. I mean, I think,
13 again, he acknowledges if this matter goes to trial at some
14 point, he needs an attorney.
15     THE COURT: Okay. And that's a good decision on
16 Mr. Walsh's part.
17     So, right now, we have our final pretrial conference
18 set for --
19     MR. KERWIN: February 11th.
20     THE COURT: Yes. And that will be our next date on
21 the calendar; but if there is a motion that requires my
22 attention before then, you can notice it up.
23     THE DEFENDANT: Let's file it right now, and it's
24 done. We've got -- the motion's done.
25     THE COURT: Right. And I'm not going to be here for

1 two weeks, so there's no rush in filing it.  So, I'm not going
2 to take action on it until January 6th.  So, it probably makes
3 sense to give -- let Mr. Boyle take a look at it and maybe --
4     MR. BOYLE:  File it on the docket electronically.
5     THE COURT:  Right, file it electronically.  And if he
6 wants to adjust it, that's within the scope of his discretion
7 as an attorney.
8     So, I take it that, Mr. Walsh, you'd like to stick
9 with Mr. Boyle, is that correct?
10     THE DEFENDANT:  Yeah, I'm going to do that.
11     THE COURT:  Okay.  That's a very wise choice.  It is
12 your choice, but I believe it's a very wise choice.
13     So, I'm going to deny as moot the government's motion
14 regarding the colloquy, and that's docket 65.
15     THE DEFENDANT:  What is he mooting?
16     MR. BOYLE:  The need for the kind of fitness *per se*
17 hearing.
18     THE COURT:  Okay.  Anything further?
19     MR. KERWIN:  Nothing from the government, Judge.
20     MR. BOYLE:  Judge, I am asking that -- I removed all
21 the staples, just that this printed material be provided to
22 Mr. Walsh so he can review it.
23     THE COURT:  Let's make sure the Marshals are okay
24 with it; and if they're okay with it, I'm okay with it.
25     MR. BOYLE:  Thank you, Judge.

1   MR. KERWIN:  Thank you, your Honor.
2   MR. BOYLE:  Happy holidays.
3   THE COURT:  You, too.
4   (Which were all the proceedings heard.)
5                   CERTIFICATE
6   I certify that the foregoing is a correct transcript from
7   the record of proceedings in the above-entitled matter.
8
9   /s/Charles R. Zandi                April 12, 2021
10  Charles R. Zandi                   Date
    Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25